UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

     v.               5:07-CR-49
                            (FJS)

MARK REMINGTON,

        **Defendant.**
_____

**APPEARANCES**         **OF COUNSEL**

**OFFICE OF THE UNITED**     **LISA M. FLETCHER, AUSA**
**STATES ATTORNEY**       **THOMAS A. CAPEZZA, AUSA**
100 South Clinton Street
Syracuse, New York 13261-7198
Attorneys for the United States

**OFFICE OF THE FEDERAL**    **LISA A. PEEBLES, AFPD**
**PUBLIC DEFENDER**
The Clinton Exchange
3rd Floor
4 Clinton Square
Syracuse, New York 13202
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

   Defendant is charged in a two-count Indictment with knowingly receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and knowingly possessing material containing images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Currently before the Court is Defendant's motion to dismiss the Indictment on the ground that the Government has not presented sufficient evidence to support a conviction. Specifically,

Defendant contends that evidence that he viewed child pornography on the internet but did not knowingly download the images to his hard drive does not constitute possession or receipt.

## II. DISCUSSION

On a motion to dismiss an indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, a court may consider "any defense, objection, or request that" is capable of determination "without a trial on the general issue." Fed. R. Crim. P. 12(b)(2). "The general issue in a criminal trial is . . . whether the defendant is guilty of the offense charged." *United States v. Doe*, 63 F.3d 121, 125 (2d Cir. 1995). It is well-established that an indictment that is complete on its face is not subject to challenge on the ground that the evidence presented to the grand jury was legally insufficient. *See United States v. Calandra*, 414 U.S. 338, 344-45 (1974); *Lawn v. United States*, 355 U.S. 339, 349-50 (1958).

Furthermore, the Federal Rules of Criminal Procedure do not recognize an analogue to summary judgment in the civil context. *See United States v. Greater Syracuse Bd. of Realtors, Inc.*, 449 F. Supp. 887, 899 (N.D.N.Y. 1978) ("Rule 12 is not intended to authorize 'speaking motions' whereby the truth of the allegations of the Indictment are challenged." (citing 1 C. Wright, *Federal Practice and Procedure* § 194 (1969)) (other citations omitted)). Therefore, unless the Government has made a full proffer of the evidence it intends to introduce at trial, it is not appropriate for a court to resolve questions of fact pertaining to the "general issue" of the case before trial. *See United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998); *accord United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000) (holding that, unless there is a stipulated record, a pretrial motion to dismiss an indictment for insufficient evidence is

inappropriate).

The Government stated at oral argument that the evidence that it has turned over to Defendant does not constitute a full proffer. *See United States v. Remire*, 400 F. Supp. 2d 627, 630-31 (S.D.N.Y. 2005) (holding that the Government's statements at pretrial conference outlining its intended proof at trial was not a full proffer where it explicitly stated it was not making a full proffer). Under these circumstances, the Court finds that dismissal under Rule 12(b)(2) is improper.

### III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and oral arguments, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion to dismiss the Indictment is **DENIED**; and the Court further

**ORDERS** that the parties shall file their pretrial submissions on or before **February 8, 2008**; and the Court further

**ORDERS** that the final pretrial conference is scheduled for **February 13, 2008**, at **3:30 p.m.**; and the Court further

**ORDERS** that the trial of this matter will commence on **February 19, 2008**, at **9:30 a.m.**

**IT IS SO ORDERED.**

Dated: February 1, 2008
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge